IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

JAFET JOSE IZAGUIRE CASTILLO,

PETITIONER,

v.                                            CIVIL ACTION NO. 3:26-0104

CARL ALDRIDGE, Superintendent,
Western Regional Jail;
MICHAEL T. ROSE, Acting Field Office
Director, Philadelphia Field Office,
United States Immigration and Customs Enforcement,
TODD M. LYONS, Acting Director,
United States Immigration and Customs Enforcement;
KRISTI NOEM,
Secretary of Homeland Security;
PAMELA JO BONDI,
United States Attorney General,
in their official capacities,

RESPONDENTS.

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Jafet Jose Izaguire Castillo's Verified Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. Also pending is a Motion to Dismiss filed by Federal Respondents ("the Government") Michael T. Rose, Acting Field Office Director, Philadelphia Field Office, United States Immigration and Customs Enforcement ("ICE"); Todd M. Lyons, Acting Director of ICE; Kristi Noem, Secretary of Homeland Security; and Pamela Jo Bondi, United States Attorney General. ECF No. 19. Carl Aldridge, Superintendent of Western Regional Jail, is also a respondent.[1] Additionally, as of February 18, 2026, pending is

---

[1] Mr. Aldridge responds separately that he "should be treated as nothing more than a nominal

Federal Respondents' Motion for Leave to Transport Petitioner for Processing at Processing Center Within the Southern District of West Virginia and to Transport to Detention Facility Within District. ECF No. 17.

The Court previously scheduled a Show Cause Hearing on the Petition. However, both parties have agreed that a hearing is not necessary given the briefing[2] and the similarity in the Government's legal argument previously presented before and rejected by this Court.[3] As such, the hearing scheduled for Friday, February 20, 2026, is **CANCELLED**. The Court thoroughly has considered the briefing, and without the need for a hearing, the Petition is ripe for review.

According to the Petition, Petitioner is a citizen of Honduras and resident of Lexington, Kentucky, who entered the United States in 2021, at fourteen years of age, seeking political asylum. *Pet*. ¶¶ 1, 14. Soon after, he was detained by Border Patrol Agents and subsequently released after being provided with a Notice to Appear ("NTA") charging him as subject to removal for being an "alien present in the United States without being admitted or paroled" and containing an immigration court date in March of 2023. *NTA*, Gov't's Ex. B, ECF No. 19-2, at 6. Petitioner

---

respondent" and "defers to the Federal Respondents' position." *Carl Aldridge Resp.* 2, ECF No. 14.

[2] Briefing includes *Verified Pet. for Writ of Habeas Corpus ("Pet.")*, ECF No. 1; *Response to O.S.C. and Mot. to Dismiss ("Resp.")*, ECF No. 19; *Pet'r's Reply to Resp. ("Reply")*, ECF No. 20.

[3] *See Resp.* 2 ("However, while reserving all rights, including the right to appeal, the government acknowledges that the Court's recent decision in *Alberto Jose Simanca Gonzalez v. Carl Alridge*, et al, Civil Action No. 3:26-cv-0055 is applicable here if the Court adheres to that decision. Thus, while the government does not consent to issuance of the writ and reserves all rights, including the right to appeal, and to conserve judicial and party resources while expediting the Court's consideration of this case, the government hereby relies upon the legal arguments presented below, together with the exhibits attached to this response, and believes this matter can be decided without a hearing."); *see also Reply* 1–2 ("Given the government's concession above, however, Petitioner does not require a hearing on the Petition to the extent this Court finds the pleadings sufficient to support its issuance of an order immediately releasing Petitioner from custody as it did in *Simanca Gonzalez*. Therefore, Petitioner respectfully requests that this Court enter an order requiring Petitioner's immediate release from custody.").

indicates he attended the March court date[4] and has applied for and received approval for a work permit. *Pet*. ¶ 14. In September of 2025, he was provided notice for an immigration court hearing in August of 2026. *Notice of In-Person Hr'g*, Gov't's Ex. B, ECF No. 19-2, at 4.

    Petitioner was arrested within the interior of the United States after he had been released into the country. Petitioner states he was arrested on February 7, 2026, after an "immigration-related traffic stop" on Highway 64 in West Virginia. *Pet*. ¶ 15. He has been detained at Western Regional Jail since then. *Id.* ¶ 8. Petitioner states he has been in civil and administrative detention since February 9, 2026, as he was charged with two misdemeanor obstruction violations, for which he posted bond on February 9, 2026. *Id.* 3 n.1. However, the Government states that ICE was denied physical custody on February 9, 2025, by jail officials claiming they had no authority to release Petitioner with pending state charges to ICE. *Resp.* 3. The charges were dismissed on February 11, 2026. *Pet*. ¶ 16; *Cabell County Court Docs.*, Gov't's Ex. A, ECF No. 19-1, at 3. Petitioner states that, given the dismissal of state charges, his detention is administrative and civil in nature, and he has not been arrested pursuant to a warrant nor provided an individualized custody determination by an immigration officer or decisionmaker. *Pet*. ¶¶ 15–17. The Government claims that, despite indications of dropped state charges from communications with Petitioner's counsel on February 13, 2026, ICE ERO[5] had not yet received notice of the dismissal of Petitioner's state charges until days later. *Resp.* 3. Further that, while Petitioner is in custody pursuant to a now-active detainer, he has not been processed, resulting in a lack of up-to-date processing documentation. *Resp.* 3–4. This led to the Government filing a "Motion for Leave to Transport

---

[4] It appears Petitioner erroneously indicated the Court date on the Notice to Appear was March of 2024 instead of 2023. *Pet*. ¶ 14. This does not change the Court's analysis.

[5] The Government states "When ICE ERO takes custody of a subject pursuant to a detainer, the subject is collected by ERO from the facility in which the subject is being detained." *Resp.* 4.

Petitioner for Processing at Processing Center Within the Southern District of West Virginia and to Transport to Detention Facility Within District," ECF No. 17, based on this Court's February 13, 2026, Order to Show Cause, ECF No. 7, which included a prohibition of the transfer of Petitioner without approval. Regardless, the Government contends Petitioner is an "alien without admission in 8 U.S.C. § 1229a removal proceedings, is an applicant for admission and an alien seeking admission and is therefore subject to detention under 8 U.S.C. § 1225(b)(2)(A) and ineligible for a bond redetermination hearing before an IJ." *Resp.* 24.

With the same analysis previously undertaken and with reasoning consistent with the uniform position taken in this District and the majority of courts in the nation,[6] the Court finds: it

---

[6] The brevity of the present Order is a result of this Court's prior consideration and rejection of, what the Government concedes are, the same legal arguments presented here. *Resp.* 2, 2 n.2 (stating that "the Court's recent decision in [*Simanca Gonzalez*] is applicable here if the Court adheres to that decision" also that "all of the Judges in this district that have considered the legal arguments presented herein and have issued decisions unfavorable to Respondents.") (citing *Simanca Gonzalez v. Aldridge,* CIV. A. No. 3:26-0055, 2026 WL 313476 (S.D. W. Va. Feb. 5, 2026); *Shailookul Uulu v. Aldridge*, CIV. A. No. 3:26-0076, 2026 WL 401200 (S.D. W. Va. Feb. 12, 2026)). Courts in this District have uniformly decided against the Government's position and ordered the immediate release of petitioners. *Briceno Solano v. Mason*, CIV. A. No. 2:26-cv-00045, 2026 WL 311624, at *20 (S.D. W. Va. Feb. 4, 2026) (Johnston, J.) ("In this case, the law is clear: the Government violated Petitioner's due process rights."); *Mehari v. Mason*, CIV. A. No. 2:26-cv-00039, 2026 WL 316034, at *3 (S.D. W. Va. Feb. 5, 2026) (Johnston, J.) ("Petitioner's detention is governed by § 1226(a) . . . 'there is no evidence that Petitioner was actively seeking admission into the United States,' as the record indicates that Petitioner entered the United States in 2023, works as a long-haul truck driver, and resides in the United States."); *Gutierrez Aroca v. Mason*, CIV. A. No. 2:26-cv-00057, 2026 WL 357872, at *17 (S.D. W. Va. Feb. 9, 2026) (Goodwin, J.) ("Having once detained and released Petitioners under § 1226(a), the Government cannot now retroactively recast them as arriving 'alien[s] seeking admission.'"); *Umarov v. Mason*, CIV. A. No. 2:27-cv-00081, 2026 WL 381614, at *5 (S.D. W. Va. Feb. 11, 2026) (Berger, J.) ("[Section 1225(b)(2)] is not applicable to people like [Petitioner], who are arrested far from a border and have lived and formed connections through their lengthy residence in the United States."). Indeed, the majority of courts nationwide reject the Government's position. *Bethancourt Soto v. Soto*, No. 25-cv-16200, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025) (collecting cases); *Barco Mercado v. Francis*, No. 25-cv-6582 (LAK), 2025 WL 3295903, at *4 (S.D.N.Y. Nov. 26, 2025) (collecting cases); *Yao v. Almodovar*, No. 25-CV-9982, 2025 WL 3653433, at *10, *12 (S.D.N.Y. Dec. 17, 2025) (collecting cases).

has jurisdiction, Petitioner's detention is governed by 8 U.S.C. § 1226(a) not 8 U.S.C. § 1225(b)(2), and Petitioner's due process rights have been violated.

The Court finds Petitioner is entitled to relief of immediate release. The Court wastes no time in restoring the wrongly deprived physical liberty interests of Petitioner. The Court rejects the propriety of alternative relief, such as ordering a bond hearing, given the Government's claimed authority for Petitioner's detention.[7]

The Court agrees with Petitioner's indication that, given that the state charges have been dropped and that Petitioner is held at Western Regional Jail solely pursuant to an ICE detainer, it is unnecessary for ICE to transfer Petitioner for processing. *Reply* 3. Petitioner further notes he has been served with an NTA and is subject to ongoing removal proceedings for which he has an August 2026 immigration court date. *Reply* 4 n.4 (citing *Notice of In-Person Hr'g*, Gov't's Ex. B, ECF No. 19-2, at 4). Petitioner's detention is unlawful, and his immediate release is the appropriate relief. Thus, the Government's Motion for Leave to Transport Petitioner for Processing at Processing Center within the Southern District of West Virginia and to Transport to Detention Facility within District (ECF No. 17) is **DENIED**.

The Government's Motion to Dismiss (ECF No. 19) is **DENIED**, and the Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**. Respondents are **ORDERED** to release Petitioner Jafet Jose Izaguire Castillo from civil immigration custody immediately. The Court further **ORDERS** Respondents to facilitate the prompt return of any of Petitioner's seized property, including legal documents. Respondents are **PROHIBITED** from re-arresting and

---

[7] *See Estrada Reyes v. Aldridge*, CIV. A. No. 3:26-cv-00084, 2026 WL 413210, at *2 n.5, *3 n.6 (S.D. W. Va. Feb. 13, 2026) (explaining this Court's determination of appropriate relief in similar, recent immigrant detention habeas corpus cases) (citing *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216, 220 (BIA 2025); *Briceno Solano*, 2026 WL 311624, at *20).

detaining Petitioner pending further order of this Court.

The Court **DIRECTS** the Clerk to send a copy of this Memorandum Opinion and Order to counsel of record and any unrepresented parties.

ENTER: February 19, 2026

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE